## 20317. LONDON GUARANTEE & ACCIDENT COMPANY LIMITED *et al. v.* COX.

DECIDED APRIL 15, 1930.  REHEARING DENIED MAY 13, 1930.

*Bryan & Middlebrooks,* for plaintiffs in error.

*Hendrix & Buchanan,* contra.

LUKE, J.  This case arose out of an appeal from an award made by a single commissioner under the workmen's compensation act, whereby it was adjudged that the Great Atlantic & Pacific Tea Company, the employer, and London Guarantee & Accident Company Limited, the insurance carrier, pay J. H. Cox, the employee, compensation at the rate of $15 per week, beginning January 1, 1927, and to July 1, 1929, and from January 1, 1929, and continuing during disability, or until such time as an operation should be performed which would so relieve the claimant as to enable him to return to a gainful occupation; and that at such time the award should be amended in accordance with the changed condition of claimant.

On June 28, 1926, claimant suffered the injury which caused hernia on his right side.  On September 30, 1926, a single commissioner awarded claimant an operation, and on October 11, 1926, the full commission directed the employer to furnish claimant said operation to relieve said hernia.  On appeal this award was affirmed by the judge of the superior court.  In affirming the judgment of the superior court on January 22, 1929, this court held that the evidence "fully authorized the industrial commission to find that the claimant suffered hernia on the right side on account of an accident arising out of and in the course of his employment."  See 39 *Ga. App.* 223. (146 S. E. 503).

The rule as to evidence in cases like this is laid down in *London Guarantee & Accident Co.* v. *Shockley,* 31 *Ga. App.* 762 (1), as fol-

lows: "Upon a review of an award made by the industrial commission under the provisions of the Georgia workmen's compensation act, the commission's findings of fact are, in the absence of fraud, conclusive, provided there is any evidence to support the award. Ga. L. 1920, p. 199. With respect to the sufficiency of the evidence to support it, such an award stands in this court upon the same footing as the verdict of a jury approved by the trial judge." Furthermore, "incapacity for work resulting from such an injury is total, not only so long as the injured employee is unable to do any work of any character, but also while he remains unable, as a result of his injury, either to resume his former occupation or to procure remunerative employment at a different occupation suitable to his impaired capacity." *Austin Brothers Bridge Co.* v. *Whilmire,* 31 *Ga. App.* 560 (1-a). In the light of these decisions, we agree with the commissioner that disability was proved.

Did the applicant have the legal right to compensation for a change in his condition since the award of September 30, 1926, or was his only right to have the operation which had been previously awarded him and which had been postponed because of the appeals of plaintiffs in error? That part of section 2-e of the act which is pertinent to this case reads as follows: "All hernia . . so proven to be the result of an injury by accident arising out of and in the course of the employment shall be treated in a surgical manner by radical operation. If death results from such operation, the death shall be considered as a result of the injury, and compensation paid in accordance with the provision of section 38. In non-fatal cases, time loss only shall be paid unless it is shown by special examination, as provided in section 28, that the injured employee has a permanent partial disability resulting after the operation. If so, compensation shall be paid in accordance with the provisions of section 31 with reference to partial disability. In case the injured employee refuses to undergo the operation for the cure of said hernia, no compensation will be allowed during the time such refusal continues . . ."

The rule for construing compensation acts is well stated in the case of *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682, 689, as follows: "The compensation acts, though in derogation of the common law, being highly remedial in character, should be liberally and broadly construed to effect their beneficent purposes."

It will be observed that the statute does not in so many words provide for a state of facts like those presented in this case. However, it is perfectly clear that the applicant is not confined to the right of an operation in all cases. Furthermore, the statute seems to have been framed upon the theory of prompt compliance with the award of an operation. If, as in this case, the claimant insists upon the operation and the employer refuses to give it and choses to wait until the matter has been finally determined by the appellate court before doing so, we can not escape the conclusion that, upon proper proof, the claimant may procure an award of compensation for temporary total disability. Therefore we hold that the court did not err in sustaining the award of the industrial commission.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*